# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3579 | **DATE** | 12/14/2004 |
| **CASE TITLE** | In Re: Edgewater Medical Center | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The Court denies Defendants' Motion to Withdraw the Reference without prejudice. Because Access Community Health Service's Motion to Dismiss was filed in the bankruptcy court, the Court strikes as moot the motion to dismiss that was inadvertently docketed in the district court. The clerk is directed to forward a copy of this order to the bankruptcy court. Status hearing set for 12/16/04 is stricken. Any other pending dates are stricken.

11) ■ [For further detail see order attached to the original minute order.]

| No notices required, advised in open court. | | | Document Number |
|---|---|---|---|
| No notices required. | | number of notices | |
| Notices mailed by judge's staff. | | | |
| Notified counsel by telephone. | | DEC 1 5 2004 | |
| Docketing to mail notices. | | date docketed | |
| Mail AO 450 form. | | | 2 |
| Copy to judge/magistrate judge. | U.S. DISTRICT COURT | docketing deputy initials | |
| TH / courtroom deputy's initials | 2004 DEC 14 PM 3:55 | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re ) | | |
| ) | | |
| EDGEWATER MEDICAL CENTER, ) | Bankruptcy Case No. 02 B 07378 | |
| Debtor/Debtor in Possession. ) | | |
| ) | | |
| EDGEWATER MEDICAL CENTER ) | | |
| Plaintiff, ) | Adv. Pro. No. 04 A 2328 | |
| v. ) | Civ. Case No. 04 C 3579 | |
| ) | | |
| EDGEWATER PROPERTY COMPANY and ) | | |
| PGR PROPERTIES, INC., ) | | |
| Defendants. ) | | |
| ) | | |
| EDGEWATER MEDICAL CENTER, ) | | |
| Plaintiff, ) | Adv. Pro. No. 04 C 2330 | |
| ) | Civ. Case No. 04 C 3579 | |
| v. ) | | |
| ) | | |
| ACCESS COMMUNITY HEALTH SERVICES, ) | | |
| INC., VITAL COMMUNITY HEALTH ) | | |
| SERVICES, INC., WESSEL BENGSTON, ) | | |
| B. MACON BREWER, GEORGE CHAPAS, ) | | |
| FRED CUPPY, WILLIAM FRULAND, ROGER ) | | |
| MAYS, JOHN MULLEN, DAVID SHANAHAN, ) | | |
| and GEORGE THOMA, ) | | |
| Defendants. ) | | |
| ) | | |
| EDGEWATER MEDICAL CENTER, ) | | |
| ) | Adv. Pro. No. 04 A 2327 | |
| Plaintiff, ) | Civ. Case No. 04 C 3579 | |
| v. ) | | |
| ) | | |
| PETER LOGAN, BRADDOCK MANAGEMENT, ) | | |
| L.P., BAINBRIDGE MANAGEMENT, L.P., and ) | | |
| BAINBRIDGE MANAGEMENT, INC., ) | | |
| Defendants. ) | | |

DOCKETED
DEC 1 5 2004

## MEMORANDUM OPINION AND ORDER

28

AMY J. ST. EVE, District Court Judge:

Defendants Peter Rogan, Braddock Management L.P., Bainbridge Management, L.P., and Bainbridge Management, Inc. (collectively the "Management Companies"), Edgewater Property Company and PGR Properties, Inc. (collectively "Property Companies"), and Access Community Health Services, Inc., et al. (collectively "Access") seek to withdraw the Court's reference of this matter to the bankruptcy court pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and Northern District of Illinois Internal Operating Procedure 15. For the following reasons, the Court denies Defendants' motions.

## I.  BACKGROUND

On February 25, 2002, Plaintiff Edgewater Medical Center ("Edgewater Medical Center") filed a voluntary Chapter 11 petition for bankruptcy protection. Because Edgewater Medical Center is a debtor in possession, it must commence and prosecute claims and causes of action for the benefit of its bankruptcy estate and creditors. *See* 11 U.S.C. § 1107(a). On April 23, 2004, Edgewater Medical Center filed the instant adversary proceedings against Defendants alleging fraudulent transfer and breach of fiduciary duty, among other claims. Defendants ask the Court for an order withdrawing the reference of these adversary proceedings from the bankruptcy court and to consolidate the action with *Dexia Credit Local v. Peter G. Rogan, et al.*, 02 C 8288 (N.D. Ill.) (Filip, J.).

## II.  LEGAL STANDARDS

Even though 28 U.S.C. § 1334 vests federal district courts with original jurisdiction over cases arising out of Title 11 of the Bankruptcy Code, bankruptcy cases are automatically referred to bankruptcy judges for the federal district under 28 U.S.C. § 157(a). *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 951 (7th Cir. 1996); *In re Coe-Truman Tech., Inc.*, 214 B.R. 183, 184-85 (N.D.

2

Ill. 1997). Under the Bankruptcy Code, Congress intended for bankruptcy judges to determine complex Title 11 issues to the "greatest extent possible." *In re Alpern*, 191 B.R. 107, 110 (N.D. Ill. 1995) (citation omitted); *see also Xonics v. First Wisconsin Fin. Corp.*, 813 F.2d 127, 131 (7th Cir. 1987) ("bankruptcy jurisdiction is designed to provide a single forum for dealing with all claims to the bankrupt's assets"). District judges, however, may withdraw certain matters that were automatically referred to the bankruptcy court and render the decisions themselves. *In re Dorner*, 343 F.3d 910, 914 (7th Cir. 2003). \

The standard for withdrawal of the reference from a bankruptcy court is outlined in 28 U.S.C. § 157(d):

> The district court may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court], on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Courts have interpreted the first sentence of Section 157(d) as allowing permissive withdrawal "for cause shown" and the second sentence as requiring mandatory withdrawal under certain circumstances. *In re Vicars Ins. Agency, Inc.*, 96 F.3d at 952. Because the parties do not argue that mandatory withdrawal is required, the Court turns to whether "cause" supports permissible withdrawal. *See In re Coe-Truman Tech., Inc.*, 214 B.R. at 184-85. The Court has broad discretion in determining whether to grant or deny a motion to withdraw the reference based on cause. *In re Sevko, Inc.*, 143 B.R. 114, 115 (N.D. Ill. 1992); *see also In re Enron Corp.*, 295 B.R. 21, 25 (S.D.N.Y. 2003).

The Court considers the following factors when determining whether Defendants have met their burden in establishing that cause for withdrawal exists: (1) judicial economy; (2)

3

promotion of uniformity and efficiency in bankruptcy administration; (3) reduction of forum shopping; (4) delay and costs to the parties; (5) the court's familiarity with the case; and (6) whether the adversary proceeding is core or non-core. *In re Coe-Truman Technologies, Inc.*, 214 B.R. at 185, 187. The Court must also consider whether the litigants are entitled to a jury trial. *See In re Sevko*, 143 B.R. at 117. The most important factor in the Court's determination is whether the adversary proceeding the party seeks to withdraw concerns core bankruptcy matters over which the bankruptcy court should preside. *In re Coe-Truman Technologies, Inc.*, 214 B.R. at 187.

III. ANALYSIS

A. Management Companies

In Edgewater Medical Center's Complaint against the Management Companies, it alleges state and federal claims, including breach of fiduciary duty, fraudulent transfer, avoidance of recovery of fraudulent transfer, and disallowance of claims. The Management Companies claim that because the Complaint involves predominantly state law claims, the adversary proceeding is non-core. Edgewater Medical Center, on the other hand, contends that eight out of the twelve counts in the Complaint are core matters over which the bankruptcy court should preside.

Despite Defendants' argument, the Court concludes that Edgewater Medical Center's Complaint against the Management Companies involves predominantly core bankruptcy matters. First, the Management Companies acknowledge that Count VI (fraudulent transfer), Count VII (preferential transfer), and Count VIII (disallowance of claims) are core matters. Furthermore, under the Bankruptcy Code, proceedings to determine, avoid, or recover fraudulent conveyances are core issues. *See* 28 U.S.C. § 157(b)(2)(H). Courts in this district have interpreted Section 157(b)(2)(H) to include actions brought under the Illinois Fraudulent Transfer Act, 740 ILCS

4

160/5 & 160/6. *See, e.g., In re Pro-Pak Services, Inc.*, No. 02 C 5528, 2002 WL 31915808, at *1 (N.D. Ill. Dec. 31, 2002). In addition, other courts in this district have treated Illinois fraudulent transfer claims as core. *See Nelmark v. Helms*, No. 02 C 0925, 2003 WL 1089363, at *1 (N.D. Ill. Mar. 11, 2003); *In re First Commercial Mgmt. Group, Inc.*, 279 B.R. 230, 236 (Bankr. N.D. Ill. 2002). Accordingly, Counts III, IV, and V based on 740 ILCS 160/5 and 160/6 are core matters. The Court also notes that Edgewater Medical Center brought three of the state law claims – Counts X, XI, and XII – in the alternative. That leaves the breach of fiduciary duty claims as the only non-core matters in the Complaint. *See In re Coe-Truman Technologies, Inc.*, 214 B.R. at 187. As such, the Management Companies' argument that the adversary proceeding is predominantly non-core fails.

The Management Companies also contend that withdrawal of the reference will avoid overlapping and duplicative litigation. Specifically, the Management Companies argue that Edgewater Medical Center's and Dexia's complaints are identical, and thus the reference should be withdrawn and the Court should consolidate the present adversary proceeding with the Dexia action. First, the Court denies the Management Companies' Motion for Reassignment of Related Cases because *Dexia Credit Local v. Peter G. Rogan et al.*, 02 C 8288 (N.D. Ill.) is the earlier-numbered case. *See* Northern District of Illinois, Local Rule 40.4. Second, Edgewater Medical Center's and Dexia's complaints against the Management Companies are not identical. Edgewater Medical Center's Complaint alleges that by using Edgewater Medical Center to commit healthcare fraud, Defendants breached their fiduciary duties to Edgewater Medical Center and that the management fees paid to the Management Companies constituted fraudulent transfers. In its Second Amended Complaint, Dexia alleges that the Management Companies fraudulently induced Dexia to issue a letter of credit totaling $56 million pertaining to the Illinois

5

Health Facilities Authority's issuance of bonds.

Next, the Management Companies argue that because they will demand a jury trial, the reference should be withdrawn. The Court, however, concludes that this argument is premature. "The appropriateness of removal of the case to a district court for trial by jury, on asserted Seventh Amendment grounds, will become a question ripe for determination if and when the case becomes trial-ready." *Business Communications, Inc. v. Freeman*, 129 B.R. 165, 166 (N.D. Ill. 1991) (quotation and citation omitted). Accordingly, the Management Companies may renew the motion when and if this case is ready to go to trial.

Finally, the Court recognizes that the bankruptcy court has managed this action since its inception and is presently considering Edgewater Medical Center's fully briefed motion for summary judgment against the Management Companies. The bankruptcy court also has presided over and resolved numerous motions, claims, objections, and settlements. On the other hand, the Court has had little involvement in the present matter. Therefore, not only is the bankruptcy judge more familiar with this matter, the bankruptcy judge is in the best situation to resolve the adversary proceeding at this procedural posture.

In sum, the Management Companies have failed to meet their burden in establishing that the reference should be withdrawn. Because the Court concludes that withdrawal of the reference at this stage of the proceedings is not warranted, the Court, in its discretion, denies the Management Companies' motion to withdraw the reference without prejudice.

B.      Property Companies

Although the Property Companies originally argued that withdrawal was warranted because the claims Edgewater Medical Center asserted in the adversary proceeding were predominately non-core and that they would seek a jury trial, the Property Companies have since

6

conceded these arguments by withdrawing their objections to Edgewater Medical Center's Briefs for Determination of Core Status and to Strike Jury Demand before the bankruptcy judge. Further, Judge Filip entered an order that dismissed the Property Companies with prejudice from the Dexia action and dismissed as moot the summary judgment motion the Property Companies filed against Dexia. Also, Dexia eliminated all allegations against the Property Companies in its Second Amended Complaint.

Based on these recent events, the Court concludes that the Property Companies have not met their burden in establishing cause and denies the Property Companies' motion to withdraw the reference. *In re Coe-Truman Technologies, Inc.*, 214 B.R. at 185. Not only have the Property Companies conceded the most important factor in determining whether the adversary proceedings should be withdrawn, namely that the adversary proceedings concern core bankruptcy matters over which the bankruptcy court should preside, but the Property Companies also concede that they will not seek a jury trial. *See id.* at 187. Further, as discussed above, the bankruptcy judge is in the best situation to resolve these adversary proceedings. Therefore, the Court, in its discretion, denies the Property Companies' motion to withdraw the reference without prejudice. The Property Companies may renew the motion when and if this case is ready to proceed to trial. *See Business Communications, Inc.*, 129 B.R. at 166.

C.  **Access Community Health Services**

In its Complaint against Access, Edgewater Medical Center alleges state and federal claims, including breach of fiduciary duty, fraudulent transfer under the Illinois Statute, avoidance and recovery of preferential transfer under the Bankruptcy Code, and disallowance of

7

claims under the Bankruptcy Code.[1] The claims based on the Bankruptcy Code are considered core, as well as the fraudulent transfer claim based on the Illinois Statute, as discussed above. Thus, the Court turns to whether Edgewater Medical Center's fiduciary duty claims are core matters.

Courts in this district have consistently held that breach of fiduciary duty claims are non-core. *See, e.g., In re Coe-Truman Technologies, Inc.*, 214 B.R. at 187. Edgewater Medical Center, however, contends that breach of fiduciary claims may be considered core when they are factually intertwined with fraudulent conveyance counts. Indeed, other courts in this district have concluded that state law counts that are factually intertwined with fraud counts may be considered core. *See, e.g., In re Pro-Pak Services, Inc.*, No. 02 C 5528, 2002 WL 31915808, at *2 (state law count was inextricably intertwined with fraudulent conveyance counts because it was based on same evidence). The Court, however, need not decide whether the fiduciary duty claims at issue are factually intertwined with the fraudulent transfer claims because approximately half of the Complaint against Access concerns core matters, and thus the Complaint is not predominantly non-core as Access contends. Furthermore, as discussed below, Access has failed in its burden of establishing "cause" based on the other relevant factors the Court must consider. *See In re Coe-Truman Technologies, Inc.*, 214 B.R. at 187.

For instance, Access argues that the Dexia action stems from the same set of core facts as Edgewater Medical Center's Complaint; therefore, the Court should withdraw the reference for the sake of judicial economy, uniformity, and efficiency. Dexia's Second Amended Complaint,

---

[1] Access asks the Court not to consider the disallowance of proof claim until there has been an adjudication of the avoidance actions. Even without considering the disallowance claim as a core matter, the Court concludes that Access has failed in its burden of establishing cause for the withdrawal of the reference.

8

however, does not include any allegations against Vital Community Health Services, Access Community Health Services, or the individual defendants. Therefore, Access' argument based on the similarities in the Dexia matter do not support a finding of "cause." *See* 28 U.S.C. § 157(d); *In re Vicars Ins. Agency, Inc.*, 96 F.3d at 952.

Further, Edgewater Medical Center contends that it has expeditiously pressed discovery in the bankruptcy court since that court approved the funding agreement. Based on Edgewater Medical Center's efforts, there has been no significant costs or delays to the parties. Edgewater Medical Center contends, however, that if this matter were withdrawn from the bankruptcy court, additional delays and costs would result. The Court agrees and concludes that this factor weighs against a finding of cause.

Finally, the bankruptcy judge has had extensive exposure to the circumstances surrounding the operation and closing of Edgewater Medical Center. As the Court previously discussed, the bankruptcy judge is in the best position to resolve the adversary proceeding at this juncture. If and when this action is ready to go to trial, Access may renew its motion. *See Business Communications, Inc.*, 129 B.R. at 166. Therefore, the Court, in its discretion, denies Access' motion to withdraw the reference without prejudice.

## IV. CONCLUSION

For the stated reasons, the Court denies Defendants' Motions to Withdraw the Reference without prejudice. Because Access Community Health Service's Motion to Dismiss was filed in the bankruptcy court, the Court strikes as moot the motion to dismiss that was inadvertently docketed in the district court.

Dated: December 14, 2004

ENTERED:

AMY J. ST. EVE
United States District Court Judge

10